**Richard J. FOX, Plaintiff—Appellant,**

v.

**US POSTAL SERVICE, John E. Potter, Postmaster General, Defendant—Appellee.**

No. 04–35825.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 2, 2005.*

Decided March 23, 2005.

---

* Hon. Leonard B. Sand, Senior U.S. District Judge for the Southern District of New York, sitting by designation.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Richard J. Fox, Billings, MT, pro se.

Victoria L. Francis, USBI—Office of the U.S. Attorney, Billings, MT, for Defendant–Appellee.

Before: SKOPIL, FARRIS, and T.G. NELSON, Circuit Judges.

## MEMORANDUM [**]

Richard J. Fox was demoted when he refused to travel for training that his employer, the United States Postal Service (USPS), believed was necessary for Fox's employment as an Electronics Technician (ET) in Billings, Montana. Fox contested the demotion administratively, and when he did not prevail, he filed this pro se action in federal district court alleging discrimination based on a medical disability. The district court granted summary judgment in favor of USPS. We affirm.

## DISCUSSION

■ We first note that Fox raised claims in district court that were not presented in the administrative proceedings. We agree with the district court that those claims are not exhausted and need not be addressed. *See Leong v. Potter,* 347 F.3d 1117, 1121–22 (9th Cir.2003) (upholding dismissal of discrimination claims against USPS for failure to exhaust administrative remedies).

Fox did raise and exhaust his claim of employment discrimination under the Rehabilitation Act, 29 U.S.C. § 794. The Act requires that federal agencies, including the USPS, "reasonably accommodate an employee's disability." *McLean v. Runyon,* 222 F.3d 1150, 1153 (9th Cir.2000). A court's "first inquiry is whether [plaintiff] is a person with a disability as defined by the Rehabilitation Act." *Coons v. Secretary of Treasury,* 383 F.3d 879, 884 (9th Cir. 2004). An individual may be disabled by a "a physical or mental impairment that substantially limits one or more of the individual's major life activities." *Id.*

■ We agree with the district court that Fox is not disabled for purposes of the Rehabilitation Act. As the Supreme Court has explained, "[m]erely having an impairment does not make one disabled...." *Toyota Motor Mfg. v. Williams,* 534 U.S. 184, 195, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002). Rather, the claimant must demonstrate that the impairment substantially "limits a major life function." *Id.* The Court reasoned that the "individual must have an impairment that prevents or severely restricts ... activities that are of central importance to most people's daily lives." *Id.* at 198, 122 S.Ct. 681. We have identified such activities to include "caring for oneself, performing manual tasks, walking, seeing, hearing, breathing, learning, and working." *See Fraser v. Goodale,* 342 F.3d 1032, 1038 (9th Cir.2003), *cert denied,* 541 U.S. 937, 124 S.Ct. 1663, 158 L.Ed.2d 358 (2004).

Fox claims to suffer from hypertension and stress that precludes him from traveling. We agree with the district court that "Fox's symptoms do not prevent him from performing any major life activities." Moreover, even accepting Fox's argument that "sitting" is a major life activity, the record indicates that Fox's "sitting ability was not affected on an ongoing basis and ... medication usually controlled his impairment." Fox has therefore failed to show that he suffers an impairment or that the USPS regarded him as suffering from such an impairment.

■ Fox also challenges the administrative determination upholding the USPS's adverse employment decision. First, he contends the demotion did not "promote the efficiency" of the organization. But, as the ALJ carefully explained, waiving Fox's training requirements because of Fox's "unique capabilities" or the availability of other trained ETs "would not promote the efficiency of the service."

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Second, Fox argues he suffered "disparate treatment" compared with another ET who was allowed to defer training. Again, the ALJ explained that the other ET, who was granted a temporary deferment to recover from surgery, had "provided management with sufficient medical documentation and a specific time frame in which he could eventually attend training." Fox, in contrast, "never ... provided any medical estimation ... of time after which he would be able to travel." Third, Fox contends the USPS could have accommodated him but refused. The record supports the ALJ's conclusion, however, that it would be "prohibitively costly to shut down extremely complex, on-site machinery in Billings, Montana in order to train one employee." Finally, Fox argues he was not demoted to the "highest grade for which he was qualified." The ALJ noted, however, that all ET positions require travel for training so that "a demotion to one of those lower-graded positions would not solve the problem." "[B]ased on the testimony of the agency's witnesses," the ALJ determined that USPS "demoted [Fox] to the highest available position that did not require travel." We have carefully reviewed the record and we conclude that these determinations are not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See Coons,* 383 F.3d at 888.

AFFIRMED.